UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHAD WAHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  25-4014 |
| | ) |
| GREGG SNYDER, *et al.* | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("TDF" or "Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a

claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he has been detained at the TDF since 2013. While so confined, medical providers at Sarah D. Culbertson Memorial Hospital ("Hospital") provided treatment to Plaintiff including surgery, diagnostic procedures, and various check-ups that required Plaintiff to provide his personal identifying information and medical history. Plaintiff alleges that, on November 21, 2023, he received via U.S. Mail a notification from Defendant Snyder that a data breach of the Hospital's computer system potentially exposed this information to third parties.

Plaintiff alleges that he wrote letters to Defendant Snyder and a law firm representing the Hospital, informing them that his confinement foreclosed access to the internet and Equifax and control of his medical records. Plaintiff alleges that his confinement also made the one-year subscription to Equifax identity monitoring services inadequate to address the data breach. Plaintiff alleges that he received limited responses. Plaintiff asserts that Defendants failure to account for these factors violated his constitutional rights to privacy and due process and regulations under federal and state law.

The Seventh Circuit has recognized a Fourteenth Amendment right "to the privacy of medical, sexual, financial, and perhaps other categories of highly personal information." *Doe v. Gray*, 75 F.4th 710, 717 (7th Cir. 2023). Assuming Plaintiff's private information was disclosed in the data breach, Plaintiff's allegations do not permit a plausible inference that Defendant Snyder personally disclosed Plaintiff's information to third parties or that the data breach resulted from a hospital policy Defendant Snyder knew would result in the violation of Plaintiff's constitutional rights. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not

attach unless the individual defendant caused or participated in a constitutional deprivation."); *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978).

Plaintiff's allegations that Defendant Snyder and other hospital officials were negligent is not sufficient to state a constitutional claim. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."). The fact that Plaintiff was confined at the time he received services from a private hospital does not, on its own, automatically permit an inference that hospital officials were state actors for purposes of 42 U.S.C. § 1983. *See DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022) (determination of whether an individual was acting under the color of state law depends on whether the individual exercised authority he "possessed by virtue of state law" and made possible only because of such authority).

Plaintiff has not cited any federal statute or rule that provides a private cause of action for the unauthorized disclosure of medical information, and courts deciding the issue have held that HIPAA does not provide one. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011). The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Absent a viable federal claim, the Court expresses no opinion on Plaintiff's state law claims at this time.

Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

### Plaintiff's Motion to Request Counsel (Doc. 3)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of

the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

### Plaintiff's Motion to Waive Fees (Doc. 14)

Plaintiff asks the Court to waive the filing fees imposed against all former plaintiffs in this case and to accept $100.00 to cover the filing fee for each plaintiff. Each Plaintiff is required to pay their own filing fee, and the other plaintiffs have been severed from this case. Plaintiff's request is denied.

To the extent that Plaintiff asks the Court to waive the $197.46 filing fee imposed in the Text Order entered Feb. 24, 2025, Plaintiff's trust fund ledgers disclose that he receives approximately $70.00 per month on a recurring basis. (Doc. 6). He received a $1,500.00 deposit in November 2024 that he fails to address in his Petition to Proceed in forma pauperis, see *id.* at 1, and, as he describes "sporadic monetary gifts from family in varying small amounts." (Doc. 5 at 1). Plaintiff spends most of the money he receives within one-to-two weeks.

The trust fund ledgers disclose a balance of $211.15 on January 23, 2025, two days before he filed this lawsuit, and that Plaintiff has spent approximately $2,400.00 since August 2024. The ledgers do not support his contention that he "attempts to reserve as much of said monies for emergency purchases," such as replacement of his personal items, hygiene items, or clothing. Based on Plaintiff's previous litigation in this district, the Court can reasonably assume

that he was aware of the Court's filing fee procedure for TDF residents. *Wahl v. Jumper et al*, No. 18-cv-4068, ECF Nos. 93-95, Text Order entered Feb. 24, 2022 (C.D. Ill.). His spending activity could be construed as an effort to spend down his account before filing this lawsuit to avoid filing fees. While the record does not support a finding that Plaintiff's spending activity was so calculated, the Court may consider it in ruling on his motion to waive fees. *Lumbert v. Ill. Dep't of Corrs.*, 827 F.2d 257, 259 (7th Cir. 1987) (a litigant who "thinks that a more worthwhile use of his funds would be to buy [commissary items]…than to file a civil rights suit has…demonstrated an implied evaluation of the suit that the district court is entitled to honor.").

Notwithstanding any sporadic gifts, Plaintiff receives sufficient funds to cover any items he may need to supplement the necessities TDF officials provide, and he had sufficient funds at the time he filed this lawsuit to cover the Court fees. Plaintiff's motion to waive fees is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff's motion [3] is DENIED with leave to renew.**

4) **Plaintiff's motion [14] is DENIED. Plaintiff shall pay the reduced filing fee within 30 days of this Order. Failure to do so will result in dismissal of this case without prejudice.**

Entered this 21st day of May, 2025.

                                          *s/Sara Darrow*
                                          SARA DARROW
                                     CHIEF U.S. DISTRICT JUDGE