UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHAD WAHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 25-4014 |
| | ) |
| GREGG SNYDER, SARAH D. | ) |
| CULBERTSON MEMORIAL HOSPITAL, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER #2

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for a Second Sixty Day Extension (Doc. 35), Motion for Leave to File an Amended Complaint (Doc. 35), and Petition to Proceed in forma pauperis (Doc. 5).

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 35) is granted. Because Plaintiff contemporaneously filed a motion for leave to amend complaint with his Motion for a Second Sixty Day Extension, the latter motion (Doc. 34) is denied as moot.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff is civilly detained at Rushville Treatment and Detention Facility ("TDF"). Plaintiff alleges that on November 21, 2023, officials from Sarah D. Culbertson Memorial Hospital notified him of a data breach that occurred in March 2023 that may have exposed his personal identifying information and provided him with a one-year subscription to Equifax. Plaintiff alleges that his confinement restricts his access to the internet, prevents him from taking advantage of the Equifax subscription, and, therefore, makes him more vulnerable to cyber theft than patients who are not confined. Plaintiff alleges that his inability to access the internet prevents him from investigating how cyber thieves have used his personal information. Plaintiff alleges that Hospital officials failed to notify TDF officials of the data breach so that they could "advise the RTDF population and/or initiate a pro-social role to contain and eliminate it." Plaintiff named the hospital as the sole defendant. He alleges claims for negligence, breach of implied contract, and violation of the Illinois Consumer Fraud Act.

Federal district courts have original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States," and in civil actions where diversity of citizenship exists and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331-32. If original jurisdiction exists, the district court may take supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367. The Court must dismiss an action if it finds at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Plaintiff's amended complaint does not assert a violation of federal law over which the Court has original jurisdiction, nor does diversity of citizenship exist between the parties. The Court finds that it lacks subject-matter jurisdiction over Plaintiff's claims. Because no federal claims exist, supplemental jurisdiction of Plaintiff's state law claims is not appropriate under § 1367. Accordingly, this case is dismissed without prejudice. *Citadel Sec., LLC v. Chicago Bd. Options Exchange, Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) ("A dismissal for lack of subject matter jurisdiction is not a decision on the merits, and thus cannot be a dismissal with prejudice.").

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [35] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's Motion [34] is DENIED.**

3) **Plaintiff's Petition to Proceed in forma pauperis [5] is DENIED.**

4) **Plaintiff's complaint is dismissed without prejudice for pursuant to Fed. R. Civ. P. 12(h)(3). Any amendment to the amended complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 8th day of September, 2025.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE